## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **ROBERT S. WILLIS,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO. JKB-11-1665** |
| **SOCIAL SECURITY COMMISSIONER,** | * | |
| **Defendant** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

### I.     Background

Plaintiff Robert S. Willis filed suit against the Social Security Commissioner ("Commissioner" or "Defendant") for discontinuing Plaintiff's Social Security benefits. (Compl. 2, ECF No. 1.)  While the contents of Plaintiff's *pro se* filings have been far from clear, it appears that Plaintiff disagrees with the Social Security Administration's (SSA's) decision to reduce his Supplemental Security Income by $394 per month to account for his receipt of Social Security benefits and by an additional $244.66 per month because Plaintiff is receiving food and shelter free of charge. (*See* Def.'s Mot. Dismiss ¶ 2, ECF No. 10.[1])  The Commissioner filed a Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, claiming that this Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies. (*Id.* 1.)  In the alternative, Defendant seeks transfer of this case to the United States District Court for the Eastern District of Virginia. (*Id.*)  Plaintiff filed no response in opposition to the Commissioner's motion.  No hearing is required.  Local Rule 105.6.  The

---

[1] Defendant styled the pending Motion as a "Motion to Dismiss, or in the Alternative, to Transfer Venue." (Def.'s Mot. Dismiss 1.)  Because this Court will grant the Motion to Dismiss, this Opinion will refer to Defendant's Motion as simply a Motion to Dismiss.

motion to dismiss will be granted without prejudice, and the motion for transfer will be denied as moot.

## II.     Legal Standard: Motion to Dismiss under Rule 12(b)(1)

A federal court must have subject matter jurisdiction over a claim before it can reach the merits of a case in which the claim is raised.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (internal citations omitted).  Where, as here, the defendant asserts lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff must show that subject matter jurisdiction exists.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citation omitted).  In deciding a Rule 12(b)(1) motion, the district court may "consider evidence outside the pleadings."  *Id.* (internal citation omitted).  The standard that the nonmoving party must meet to defeat a Rule 12(b)(1) motion is analogous to the standard for defeating a motion for summary judgment.  *See id.* (internal citation omitted).  A court may grant a Rule 12(b)(1) motion "where a claim fails to allege facts upon which the court may base jurisdiction."  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

## III.    Analysis

Unless the Commissioner otherwise consents, a plaintiff suing under 42 U.S.C. § 405(g) must first have exhausted his or her administrative remedies so that the Secretary of Health and Human Services has made a "final decision" within the meaning of § 405(g).  *See Matthews v. Eldridge*, 424 U.S. 319, 328 (1976).  The administrative review process "consists of several steps" that "must be requested . . . in the following order:" initial determination, reconsideration, hearing before an administrative law judge, Appeals Council review, and federal court review. 20 C.F.R. § 404.900 (a)(1–5) (2011).  Thus, Plaintiff must demonstrate that he has sought review

in each of the first four stages and that the Social Security Administration has rendered a decision adverse to him.

Plaintiff has not met this burden.  The Commissioner has provided the Court with a Notice of Determination Following Reconsideration dated June 17, 2011.  (*See* Def.'s Mot. Dismiss Ex. A6.)  The Court will assume, therefore, that Plaintiff has completed the first two steps of the process laid out at 20 C.F.R. § 404.900(a).  However, Plaintiff has provided no evidence that he has requested a hearing before an administrative law judge or review by the Appeals Council.  Since Plaintiff has failed to exhaust his administrative remedies, this Court lacks subject matter jurisdiction over Plaintiff's claim.

## IV.     Conclusion

For the foregoing reasons, the Commissioner's Motion to Dismiss (ECF No. 10) will be granted without prejudice.  The Commissioner's Motion for Transfer to the United States District Court for the Eastern District of Virginia will be denied as moot.

DATED this 13th day of December, 2011.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge